```
MARK J. WERKSMAN SBN 120767
MARK M. HATHAWAY SBN 151332
LAW OFFICES OF MARK J. WERKSMAN
888 West Sixth Street, Fourth Floor
Los Angeles, California  90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant RONNIE FEKRAT
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 08-1028(A)-PA |
|---|---|
| Plaintiff, | ) *EX PARTE* APPLICATION FOR |
| v. | ) ORDER TO UNSEAL FINANCIAL |
|  | ) AFFIDAVIT OF GOVERNMENT |
| RONNIE FEKRAT, | ) WITNESS CHRIS JOHNSON |
| Defendants. | ) Trial Date: March 3, 2009 |
|  | ) Date: TBD |
|  | ) Time: TBD |
|  | ) Loc:  Hon. Percy Anderson |
|  | )       Crtrm 15 |

TO: THE HONORABLE PERCY ANDERSON AND ASSISTANT UNITED STATES ATTORNEY JUSTIN R. RHOADES;

  Please take notice that defendant Ron Fekrat hereby applies *ex parte* for an order to unseal the financial affidavits, or other financial records, filed herein <u>under seal</u> by government witness Chris Johnson, which were used to establish that the witness was unable to afford a lawyer.

  The financial affidavit is needed to show bias and to impeach the credibility of the government's chief witness against remaining defendant, Ron Fekrat. The evidence is relevant to impeachment for bias, character, and credibility

1

because the day after the government offered Chris Johnson a deal to testify against defendant Ronnie Fekrat, the government's witness, Chris Johnson, paid $10,000.00 down and reported income of $72,000.00 per year in order to purchase a Land Rover SUV for almost $40,000.00, at a time when witness Johnson had represented to the court that he was unable to afford a lawyer to represent him in this matter.

The ex parte application is based upon this notice, the attached memorandum and exhibits, and on such argument and evidence as may be properly before the court at the time of any hearing. Defendant has complied with Local Rule 9-19 Ex Parte Application.

Dated: February 27, 2009      LAW OFFICES OF MARK J. WERKSMAN

_____
Mark M. Hathaway
Attorney for Defendant Fekrat

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Fekrat submits this memorandum in support of an order to unseal the financial affidavits, or other financial records, filed herein <u>under seal</u> by government witness Chris Johnson, which were used to establish that the witness was unable to afford a lawyer.

## II.

## ARGUMENT

In this case, Chris Johnson was the sole defendant at the first trial in this matter, which ended in a mistrial. Mr. Johnson was represented by the public defender because Mr. Johnson represented to the court that he could not afford a lawyer.

After the mistrial, the government offered defendant Johnson a deal to testify against defendant Fekrat, which deal Mr. Johnson accepted on January 9, 2009. (Exh. 1)

The very next day, January 10, 2009, the government's witness paid $10,000.00 down to purchase a Land Rover Range Rover Sport SUV for $39,644.79. (Exh. 2, 3)  The government's witness Chris Johnson reported earning annual income of $72,000.00 in order to qualify for financing of $580.00 per month for the next 60 months. (Exh. 4) Mr. Johnson paid the $10,000.00 and represented that he earned $72,000.00 per year at a time when Mr. Johnson had represented to the court that he could not afford a lawyer.

Evidence of statements the government's witness made to the court as set forth in the financial affidavits, or other financial records, filed herein <u>under seal</u>, which were used to establish that the witness was unable to afford a lawyer, are relevant as impeachment for bias and impeachment for credibility and character of the government's witness. Furthermore, the unsealing and release of the evidence is consistent with the disclosure requirements of Federal Rule of Criminal Procedure 26.2, the Jencks Act, 18 U.S.C. § 3500, et seq., *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

Dated: February 27, 2009     LAW OFFICES OF MARK J. WERKSMAN

_____
Mark M. Hathaway
Attorney for Defendant Fekrat

4

Exhibit 1



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

Justin R. Rhoades
Assistant United States Attorney
General Crimes Section
(213) 894-3380

1500 United States Courthouse
312 North Spring Street
Los Angeles, California  90012

January 6, 2009

John Littrell
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012

    Re: <u>United States v. Chris Johnson, et al.</u>, CR 08-1028-PA

Dear Mr. Littrell:

    You have advised me that your client, Chris Johnson, wishes to meet with the United States Attorney's Office for the Central District of California ("this Office") for the purpose of making a proffer in connection with the above-referenced matter. This Office is willing to meet with you and your client under the following terms and conditions:

    (1)  You and your client understand that

        (a) this agreement binds only you, your client, and this Office; it does not bind any other law enforcement or prosecuting authority;

        (b) law enforcement personnel will be present at the meeting as invited by this Office;

        (c) this agreement is limited to the statements made by your client at the meeting to be held on January 9, 2009, and does not apply to any statements made by your client at any other time, whether oral, written or recorded;

        (d) any information provided by you on behalf of your client is covered by this agreement as if it had been provided by your client;

USA2517

Exhibit 1, page 1

John Littrell
January 6, 2009
Page 2

(e) this agreement does not provide any protections to your client not expressly set forth herein.

(2) Your client will respond truthfully and completely to any and all questions put to your client at the meeting.

(3) Except as otherwise provided in paragraphs four, five, and six herein, in the above-captioned case and in any other prosecution that may be brought against your client by this Office, this Office will not offer in evidence in its case-in-chief, or offer in evidence in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by your client at the meeting.

(4) Notwithstanding paragraph three above, this Office may use

(a) information derived directly or indirectly from the meeting for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of your client; and

(b) statements made by you or your client at the meeting and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should your client testify, or to refute or counter at any stage of the proceedings (including this Office's case-in-chief at trial) any evidence, argument, statement or representation offered by or on behalf of your client in connection with any proceeding.

(5) This Office reserves the right to use any statements or information provided by your client in any prosecution for false statements, obstruction of justice or perjury.

(6) Your client's complete truthfulness and candor are express material conditions to the undertakings of this Office set forth in this letter. Therefore, if this Office should ever conclude that your client has knowingly withheld material information from this Office or otherwise not been completely truthful and candid, this Office may use against your client for any purpose (including sentencing) any statements made or other information provided by your client during the meeting. If this Office so concludes, it will notify you before making any use of such statements or other information.

(7) No plea discussions or negotiations will occur during the meeting, and any statements made by your client during the meeting will not be "plea discussions" or any "related statement" within the meaning of Rule 11(f) of the Federal Rules of Criminal Procedure or statements "made in the course of plea discussions" within the meaning of Rule 410(4) of the Federal Rules of Evidence, and therefore will not be rendered inadmissible by those rules, which generally prohibit the use of any statement made in the course of plea discussions with a government attorney which do not result in a guilty plea.

USA2518

John Littrell
January 6, 2009
Page 3

      (8)    No understandings, promises, agreements and/or conditions have been entered into with respect to the meeting or with respect to any future disposition of the charges pending against your client other than those expressly set forth in this agreement and none will be entered into unless in writing and signed by all parties.


THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____         1/9/09
Justin R. Rhoades                                                    Date
Assistant United States Attorney


I, Chris Johnson, have read the agreement contained in this letter and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. ~~I am satisfied with the representation of my attorney in this matter.~~


_____         1/9/09
Chris Johnson                                                         Date


I am Chris Johnson's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, my client's decision to enter into this agreement is informed and voluntary.

_____         1/9/09
John Littrell                                                          Date
Attorney for Chris Johnson

USA2519

Exhibit 2

DL# 50391 | 6A953500 | CS# 5642734

**CHRIS W. JOHNSON**
6100 DE SOTO AVE #323
WOODLAND HILLS, CA 91367

Store #: 181405

DL# C3038330

AP# 77091224

PH# 818-575-9828

90-7162/3222
1942887176

1362

DATE 1/10/09

PAY TO THE ORDER OF Lone Love Chemo $ 6,000 —

Six thousand ——————— DOLLARS

**Washington Mutual**

Washington Mutual Bank, FA
Woodland Hills-Topanga Canyon Financial Center 1053
6633 Topanga Canyon Boulevard
Canoga Park, CA 91303
1-800/788-7000
24 hour Customer Service

Gold Customer

NOTES

⑆322271627⑆ 1942887176⑈ 1362

DL# 50391/ST#F# 6A95500
CS#S1Q12734

LAND ROVER ENCINO
15800 VENTURA BLVD
ENCINO CA 91436
818-990-9070

Sale

ID: 0001
01/10/09                Ref #:   0002
Batch #: 153                     21:23:31

MASTERCARD white 13271
XXXXXXXXXXXX6449
Appr Code: 09944Z    Inv#: 050391
Total:
                                $ 4000.00

I agree to pay above total
amount according to card
issuer agreement (Merchant
agreement) (Merchant
credit voucher)

X_____
        JOHNSON/CHRISTOPHER

Merchant Copy
WWW.AUTONATIONDIRECT.COM
LOCATIONS WEB SITE ADDR



Exhibit 2, page 3



Exhibit 2, page 4

# Exhibit 3

# Land Rover Encino

| Prepared for: | **Chis Johnson** | Date: | 1/10/2009 7:01:56 PM |
|---|---|---|---|
| | | ID: | 33375869-653919159 |
| | Day: 818-515-9898 | Manager: | Terashita, Linda |
| | Email: agmotoring@YAHOO.COM | Salesperson: | Landry, Terry |

| VEHICLE | |
|---|---|
| Vehicle: 2006 LAND ROVER RANGE ROVER SPORT SRSH 4dr Wgn HSE | **No Trade-In** |
| Stock #: 6A953500 | |
| VIN: SALSF25426A953500 | |
| Miles: 40,343 | |

| PURCHASE OPTION | | |
|---|---|---|
| Selling Price: | | $36,500.00 |
| Sales Tax (estimate): | + | $3,015.79 |
| Tag/Registration Fees (estimate): | + | $15.00 |
| Other: | + | $29.00 |
| Documentation Fee: | + | $55.00 |
| Flat Add/County Fee: | + | $30.00 |
| Balance Due (estimate): | | $39,644.79 |

*w/ Emblems*
*a*
*premium floor mats*

| FINANCE OPTIONS | |
|---|---|
| **Cash Down** | 60 months  APR: 6.49 % |
| $10,000 | $580 |

*This menu is provided to you, our customer, to assist you in better understanding the financial options available. Amounts above are ESTIMATES ONLY and may vary based on approved credit, applicable taxes, vehicle selection, trade value(s), estimated payoff, eligibility for rebates and other factors particular to your transaction. Final payments and terms may vary. Customer agrees to pay the difference, if any, in the amount of the trade lien payoff.*

X ___[signature]___  1/10/08         X ___[signature]___
Buyer          Date                   Sales Manager          Date

# Exhibit 4

# CREDIT APPLICATION (Purchase / Lease)

**IMPORTANT: READ THESE DIRECTIONS BEFORE COMPLETING THIS APPLICATION.**

Check Appropriate Box
- ☐ If you are applying for individual credit in your own name and are relying on your own income or assets and not the income or assets of another person as the basis for repayment of the credit requested, complete Sections A and C.
- ☐ If you are married and live in a community property state, complete all Sections including Section B providing information about your spouse.
- ☐ If this is an application for joint credit with another person, complete all Sections providing information in Section B about the co-applicant.

**NOTE: APPLICANT, IF MARRIED, MAY APPLY FOR A SEPARATE ACCOUNT.**

SELLER: _____ STOCK NO: _____ DATE: _____ DEALER NUMBER: _____ AMOUNT REQUESTED: $ _____

## SECTION A. Information Regarding Applicant

LAST NAME: Cho — FIRST: Johnson — INITIAL: W. — BIRTHDATE: 5/11/66 — DRIVER'S LIC. NO.: C3038330 — SOCIAL SECURITY NO.: 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 — AGES OF DEPENDENTS: _____ — ☐ MARRIED ☐ UNMARRIED ☐ SEPARATED

ADDRESS: Oso Park Av #323 — CITY: Woodland Hills — STATE: CA — ZIP: 91367 — HOME PHONE: 818 515-9898 — HOW LONG? 4 YRS / MOS — LIVED IN COMMUNITY?

PREVIOUS ADDRESSES (TO COVER 5 YEARS RESIDENCE): _____

OCCUPATION OR RANK: President — PRESENT EMPLOYER: Alex Cohen Pictures — ADDRESS: Oso Park Av #323 — CITY: Woodland Hills — STATE: CA — ZIP: 91367 — PHONE: 818 515-9898 — HOW LONG? 88 YRS

PREVIOUS EMPLOYMENT (TO COVER 5 YEAR HISTORY): _____

NEAREST RELATIVE NOT LIVING WITH APPLICANT: Carlyn Travis — CITY: Park Pinole, CA — ZIP: 91361 — PHONE: 315- — RELATIONSHIP: (sister)

### INCOME:
Applicant's gross monthly income from employment (income may require verification) ............ $ 6,000—

Alimony, child support or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

Alimony, child support, separate maintenance received under: court order ☐  written agreement ☐  verbal understanding ☐   Amount $ _____

Amount of other monthly income and source(s) ............ $ _____

**TOTAL MONTHLY INCOME** $ _____

## SECTION B. Information Regarding Spouse, or Co-Applicant (Use separate sheets if necessary.)

[blank]

### INCOME:
Joint Applicant's gross monthly income from employment ............ $ _____

## SECTION C. Asset and Debt Information:

LANDLORD OR MORTGAGE HOLDER: ☐ OWN ☒ RENT — ADDRESS: Oso Park Av #323 — PYMT. OR RENT: $ 1,480—

[Personal Friends Known Over One Year]
1. Jody Lov — ADDRESS: Topanga Canyon — CITY: Simi Valley — STATE: CA — ZIP: 91304 — PHONE: 818 706-628_
2. Davis Ian — ADDRESS: 20174 Amour Dr — CITY: Calabasas — STATE: CA — ZIP: 91101 — PHONE: 316 383-0913

X _____ (APPLICANT'S SIGNATURE)

LAW FORM NO. 750S-PN (REV. 4/01)

Exhibit 4, page 1